# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## JANUARY SESSION, 1999

FILED

March 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 02C01-9809-CC-00259 |
| Appellant | ) | |
| | ) | CHESTER COUNTY |
| vs. | ) | |
| | ) | Hon. WHIT LAFON, Judge |
| LUTHER WAYNE WHITE, | ) | |
| | ) | (State Appeal - Sentencing) |
| Appellee | ) | |

For the Appellee:

**Angela R. Scott**
Bishop, Scott & Bishop
P. O. Box 408
Henderson, TN 38340

For the Appellant:

**John Knox Walkup**
Attorney General and Reporter

**Peter Coughlan**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**James G. (Jerry) Woodall**
District Attorney General

**Shaun Brown**
Asst. District Attorney General
P. O. Box 2825
Jackson, TN  38302

OPINION FILED: _____

REVERSED

**David G. Hayes**
Judge

**OPINION**

The State appeals the sentencing decision of the Circuit Court of Chester County following the appellee's guilty pleas to two violations of the Motor Vehicle Habitual Offenders Act and one count of misdemeanor possession of marijuana. The appellee, Luther Wayne White, received a sentence of two years as a range one standard offender for each habitual offender conviction and eleven months and twenty-nine days for the marijuana conviction. The trial court ordered the appellee to serve six months of each sentence followed by supervised probation. The State appeals contending the trial court erred by (1) sentencing the appellant to the incorrect sentencing range; (2) granting partial probation; and (3) ordering concurrent sentences.[1]

After review, we find the State's contentions to be meritorious. The judgments of the trial court are reversed and the appellee's sentences are modified as ordered below.

BACKGROUND

On June 13, 1996, the appellee was arrested for violation of the Motor Vehicle Habitual Offenders Act. On September 29, 1997, he was again cited for violation of the MVHO Act and for misdemeanor drug possession. The appellee pled guilty to all three offenses on March 4, 1998. Prior to the sentencing hearing, the State filed notice to seek enhanced punishment as a range II offender and also moved for consecutive sentences.

This court's review of the length, range, or manner of service of a sentence is

---

[1]In this appeal, the State does not challenge the trial court's application or weight of mitigating factors or the length of the sentences: these issues are not raised in the State's brief. See Tenn. Code Ann. § 40-35-402 (b)(1-5) (1997).

*de novo* with a presumption that the determination made by the trial court is correct. Tenn. Code Ann. § 40-35-401(d) (1997). See also State v. Bingham, 910 S.W.2d 448 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1995). This presumption is only applicable if the record demonstrates that the trial court properly considered relevant sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The record does not reflect that the trial court considered the relevant principles of sentencing; accordingly, the presumption is not afforded.

Upon our *de novo* review, we are required to consider the evidence heard at trial and at sentencing, the presentence report, the argument of counsel, the nature and characteristics of the offense, any mitigating and enhancement factors, the defendant's statements, and the defendant's potential for rehabilitation. Tenn. Code Ann. § 40-35-102, -103(5), -210(b) (1997). The burden is on the appellant to show that the sentence imposed was improper. Ashby, 823 S.W.2d at 169; State v. Fletcher, 805 S.W.2d 785, 786 (Tenn. Crim. App. 1991); Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

The record establishes the appellee's extensive list of criminal convictions from 1987 to the present. Evidence presented at the sentencing hearing indicates approximately sixteen prior convictions including the following: (1) 1987, felony conviction for possession with intent to sell marijuana, sentenced to two years; (2) 1987, misdemeanor possession of cocaine; (3) 1989, conspiracy to sell interstate stolen motor vehicles, see 18 U.S.C. § 371, sentence of three years; (4) 1989, six counts interstate transporting of stolen vehicles, see 18 U.S.C. § 2312, sentence of two years; (5) 1994, violation of Motor Vehicle Habitual Offender Act, a class E felony, sentence of three years as a range II multiple offender; (6) 1994, DUI, first offense; (7) 1994, reckless endangerment; and (8) and other traffic related offenses.

In addition, the appellee has a previous history of unwillingness to comply with the conditions of probation. The record reflects that his federal probation was

violated in July of 1993. The appellee's May 1994 conviction for violation as an habitual motor vehicle offender resulted in a three year community correction sentence. While in this program, the appellee was arrested for the first instant offense on June 13, 1996. Moreover, while on bond for that offense, the appellee was arrested for the second and third present offenses on September 29, 1997.

The presentence report reflects that the appellee is thirty-one years old, divorced, and has attained his GED. The appellee was declared an habitual motor vehicle offender in 1987. Since then, the appellee has not had a driver's license; however, at the time of the present offenses, he was eligible to receive them. The appellee presently resides with his parents and has been employed as a mechanic for over a year.

Upon conclusion of the hearing, the trial court imposed a sentence of two years in each felony count and eleven months and twenty-nine days for the misdemeanor with all but six months suspended. The appellee was also granted eligibility for work release during the six months of incarceration. After completion of his jail sentence, the appellee was granted probation for the balance of the sentence. The three offenses were ordered to be served concurrently.

The guidelines of Tenn. Code Ann. § 40-35-106(a)(1) (1997) define a multiple offender as a defendant who has received "[a] minimum of two (2) but not more than four (4) prior felony convictions within the conviction class, a higher class, or within the next two (2) lower felony classes . . ." Tenn. Code Ann. § 40-35-106(b)(2) permits the sentencing court to consider all offenses including those occurring prior to November 1, 1989. In compliance with Tenn. Code Ann. § 40-35-106(b)(4), we note that the seven prior federal felony convictions involving stolen vehicles in interstate commerce constitute but a single course of conduct for classification

4

purposes as a multiple offender.[2] Nonetheless, considering his federal convictions as one felony in addition to the two state felony convictions, the appellee qualifies as a range II, multiple offender.

Next, we address whether the sentences should run concurrently or consecutively. The State contends under the provisions of Tenn. Code Ann. § 40-35-115(b)(2) (1997), *i.e.*, the appellee's extensive criminal history, that the convictions should be ordered to run consecutively. Specifically, the State points out the appellee's numerous convictions in thirty-one years of life, his denial of drug usage with previous drug convictions, and his inability to conform to the requirements of his bail or probationary periods justify consecutive sentencing in order to protect the public. The appellee argues that consecutive sentencing would not be reasonably related to the severity of the offenses involved.

Although the provisions of Tenn. Code Ann. § 40-35-115(b)(2) are applicable in determining consecutive sentencing, subsection (d) defers to those mandatory guidelines provided in Tenn. R. Crim. P. 32. The sentences imposed in each count of driving while an habitual motor vehicle offender must be run consecutively because the appellee was released on bail following his first present offense and subsequently pled guilty to both offenses. See Tenn. R. Crim. P. 32(c)(3)(C); see, e.g., State v. Blanton, 926 S.W.2d 953 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1996).

Finally, we address the issue of whether the trial court improperly granted probation. Initially, we note the appellee is not entitled to the presumption for an alternative sentencing option, because he is a range II, multiple offender. See

---

[2]The record contains a judgment from the United States District Court for the Western District of Tennessee. Although the appellee was convicted of seven different felony counts, the record fails to demonstrate whether these convictions constitute a single or separate occurrences outside a twenty-four hour period. Therefore, we must presume the seven counts constitute a single course of conduct in the absence of evidence to the contrary.

Tenn. Code Ann. § 40-35-102(6).  Moreover, because the appellee "has a long history of criminal conduct" and "measures less restrictive than confinement" have proven unsuccessful, confinement is necessary.  Tenn. Code Ann. § 40-35-103(1)(A) and (C).  Accordingly, we find the trial court erred in granting probation.

In summary, the appellee is sentenced to the Tennessee Department of Correction as a range II multiple offender upon each conviction for violation of the MVHO Act.  The sentences are ordered to run consecutive for an effective sentence of four years.  A sentence of eleven months and twenty-nine days is imposed for the appellee's conviction for misdemeanor possession of marijuana.  This sentence is to run concurrently with the appellee's aggregate four year sentence.  The judgments of the trial court are vacated and this cause is remanded for entry of judgments consistent with this opinion.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOE G. RILEY, Judge

_____
JOHN EVERETT WILLIAMS, Judge